## CHALARON *vs.* M'FARLANE ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The general provisions of the Louisiana Code, article 3035, excluding judicial sureties from the benefit of the plea of discussion, does not extend and apply to sureties in appeal bonds.

From the very nature and tenor of the obligation contracted by the surety in an appeal bond, he is not bound to pay, until all the property of every kind, belonging to the principal, is first taken, and proves insufficient.

Where a surety signed a blank appeal bond, to be used in a particular way by his principal, who puts it to a different use from that intended, by which the responsibility of the surety is greatly increased: *Held*, that the surety cannot avail himself of this matter, unless it is shown the appellee or obligee of the bond was connusant of the fraud.

This case comes up on a rule taken by the plaintiff, on J. S. M'Farlane, a surety in an appeal bond, to show cause within ten days why judgment should not be rendered against him for the sum of one thousand seven hundred and thirty-three dollars and thirty-three cents, with interest, being the amount decreed against the defendant in the appeal.

EASTERN DIST.
March, 1836.

CHALARON
vs.
M'FARLANE ET AL

The record shows, that the present plaintiff, having obtained judgment against one Vance for the above sum, the latter appealed and gave M'Farlane his surety. The appeal was taken within the ten days, and operated as a suspensive appeal. The judgment was confirmed with damages. An execution issued against Vance, and the sheriff returned he had seized four lots of ground, but that the sale was stayed by order of the Parish Court, the defendant, Vance, having made a cession of his property. On exhibiting this return on the *fieri facias*, a motion was made that James S. M'Farlane, the security for the defendant in the appeal bond, show cause within ten days, why judgment should not be rendered against him.

In answer to the rule, M'Farlane admitted he signed the bond, but says he gave a blank bond, which was intended only to be used on an appeal to cover costs; and that it has fraudulently or by mistake been filled up and used in a suspensive appeal, so as to render him liable for the amount of the debt and costs; and that he prays for a trial by jury.

Upon these pleadings the case was tried by the court. The district judge presiding, decided that the defence to the execution of the bond would be unavailable, if true. Judgment was rendered on the rule for the amount demanded. The defendant appealed.

*Canon*, for the plaintiff.

1. The motion or rule of the plaintiff, to render the surety in the appeal bond liable, and have judgment for the amount of the debt, interest, damages and costs, is predicated upon the authority of the *Code of Practice, article* 596.

2. The surety filed his answer to the rule, and set up his defence; upon this issue, judgment was rendered for the plaintiff. The above article in the Code of Practice authorises judgment against the surety, on mere motion.

3. The defendant cannot avail himself of the plea of discussion. It is expressly provided, that judicial sureties, such as in this case, cannot demand the discussion of the property of the principal debtor. *Louisiana Code,* 3035.

4. This is a summary proceeding, by *mere motion*, in which a trial by jury cannot be had. *Code of Practice*, 754, 755, 757.

*Gray*, for the defendant, contended for the right to have his allegation of fraud, in obtaining the defendant's signature to the appeal bond, tried by a jury.

2. It was further urged, the defendant was entitled to the plea of discussion, and that all the property of the principal be first sold, before the surety was bound to pay any deficiency.

*Martin, J.*, delivered the opinion of the court.

The defendant seeks the reversal of a judgment, which was rendered against him, as surety in an appeal bond with one Vance.

It appears from the evidence, that four lots of ground belonging to Vance, were seized on an execution which issued on a judgment obtained against the latter, and affirmed by this court. The sale of the property seized was stayed, in consequence of a surrender made by Vance, of his goods, for the benefit of his creditors.

According to the *Code of Practice, article* 579, the condition of the appeal bond is, that the appellant shall satisfy any judgment that may be rendered against him, or the same shall be satisfied by the sale of his estate, real or personal; otherwise the surety shall be liable in his place. It is clear, therefore, from these expressions, that if the appellant does not satisfy the judgment, a sale of his estate, real and personal, is to take place; and if the proceeds of this sale prove insufficient, then the liability of the surety begins.

It appears to this court, that notwithstanding the general provision in the Louisiana Code, article 3035, excluding judicial sureties from the benefit of discussion, it seems to be different as regards sureties in appeal bonds. From the very nature of the obligation, and the terms of their engagement, they derive the right of resisting a recourse on them, until it is clearly shown by the creditor, that the sale of all the

The general provisions of the Louisiana Code, article 3035, excluding judicial sureties from the benefit of the plea of discussion, does not extend and apply to sureties in appeal bonds.

From the very nature and tenor of the obligation contracted by the surety in an appeal bond, he is not bound to pay, until all the property of every kind, belonging to the principal, is first taken, and proves insufficient.

estate and effects of the principal has proved insufficient to discharge his demand.

It is true, in the present case the money cannot be made on the execution. But the code does not speak of a sale under execution particularly. For any thing that appears in the record, the plaintiff may still be fully paid by the sale of the four lots under seizure. It is to be presumed he secured his privilege and mortgage on them, by registering his judgment. These lots, it is true, have become the property of the mass of the creditors, by the surrender, but are nevertheless subject to the creditors' privilege and mortgage, who is also included in the mass. They are still in pledge for the sale, the original price of which is to be paid out of their proceeds.

The contract of suretyship is one, the performance of which imposes as sacred duty and obligation on the party obligating himself, as that resulting from any other contract; but its performance in good faith, is not inconsistent with the right and privilege allowed the surety, to avail himself of any exception or provision of law, introduced for his benefit and protection.

The recourse of the plaintiff, in this instance, against the defendant was premature. The surety is not bound to pay, until all the property, both real and personal, is first exhausted. This does not appear to have been done in the present case.

Where a surety signed a blank appeal bond, to be used in a particular way by his principal, who puts it to a different use from that intended, by which the responsibility of the surety was greatly increased: *Held*, that the surety cannot avail himself of this matter, unless it is shown the appellee or obligee of the bond was connusant of the fraud.

This view of the matter, seems to render it unnecessary, that we should act on another plea set up by the defendant, in which he prays for a trial by jury. We have, however, considered it, on the ground that the expression of the opinion of this court in relation to it, may prevent another suit. This plea is founded on the averment, that the defendant signed a blank appeal bond, with the assurance that it was only to be used in case of a devolutive appeal being deemed necessary, in which case he would only be liable for costs, but that the bond was afterwards, without his knowledge and consent, filled up for a suspensive appeal,

by which he was rendered liable for the whole debt and costs.

The court is of opinion, that the decision of the district judge was correct, in which he held, that even if this fact was true, it could not avail the surety, unless it was shown that the appellee was cognizant of the fraud.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that the motion for judgment on the bond, or rule to show cause, be discharged, the plaintiff paying costs in both courts.