,William Flower and another *v.* Oliver Dubois and another.

From the nature and terms of the obligation of the surety in an appeal bond, no recourse can be had against him where property belonging to the mass of the creditors of the appellant, subject to certain privileges and mortgages, is yet unsold. It must in such a case be shown by the creditor, that the sale of all the effects of the principal has proved insufficient to discharge his demand. C. P. 579, 596. Act 20 March, 1839, § 20. But where it is proved that the appellant had been declared a bankrupt under the act of Congress of 1841, and that his estate, though in course of administration, is in such a situation as to afford no reasonable ground to expect that any dividend will ever be paid to the suing creditor, he will not be bound to await the final liquidation of the bankrupt's estate, before proceeding against the surety on the appeal bond.

Appeal from the City Court of New Orleans, *Collins*, J.
*Wray*, for the plaintiffs.
*Conklin*, for the appellant.

Simon, J.    This is a contest between the assignees of a judgment heretofore obtained by the plaintiff against the defendants, and the surety on said defendants' appeal bond, given in the case reported in 4 Robinson, 78.    Judgment having been rendered below against the surety, he has appealed.

It appears that after the return of our mandate to the court *a quâ* for execution, the plaintiffs took out a writ of *fieri facias*, which was returned by the sheriff " No property found ;" whereupon the plaintiffs took a rule upon the appellant, to show cause why he should not be adjudged to pay the amount of the judgment affirmed by this tribunal.    The surety answered by pleading that his principals had failed and presented their schedule in the United States District Court ; that their estate was yet unsettled ; and that, therefore, previous to being condemned, said surety claimed the benefit of discussion, in consequence of which said plaintiffs had no right of action against him, until it be shown judicially that the estate of said principals is insufficient to pay this claim.    This plea prevailed in the lower court, and the rule was dismissed as prematurely obtained.

. One year afterwards, the same rule was renewed, calling upon the surety to pay the full amount of the judgment, and

the same plea was opposed ; whereupon, after an investigation of the state of affairs of the insolvents, as shown by the record of their bankruptcy, supported by the testimony of the assignee of their estate, the court *a quà*, being of opinion that there was nothing upon which the plea of discussion could have availed the surety, and that in fact said plea would be ineffectual, made the rule absolute, and condemned the surety to comply with his obligation.

We think the judge *a quo* did not err. It is true, in the case of *Chalaron* v. *McFarlane et al.* 9 La. 227, this court established the principle that, from the very nature of the obligation of sureties in appeal bonds, and the terms of their engagements, they derive the right of resisting a recourse on them until it is clearly shown by the creditor, that the sale of all the estate and effects of the principal has proved insufficient to discharge his demand. See also Code of Practice, art. 579, 596, and B. & C's. Dig. p. 181 § 23. But there is a vast difference between the present case, and that relied on by the appellant's counsel before the inferior court. In the latter case, certain lots, which had become the property of the mass of the principal's creditors, subject to said creditors' privileges and mortgages, were shown to be yet unsold, or their proceeds undisposed of, and still in pledge for the sale, the original price of which was to be paid out of their proceeds ; and it was held that the creditor should wait before exercising his recourse against the surety, until it was ascertained that the property surrendered was insufficient, as, for any thing that appeared in the record, said creditor might still be fully paid by the sale of the four lots. But this court never pretended to decide that, when the creditor shows that the principal's insolvent estate, though under a course of administration for the benefit of his creditors, is in such a situation as to produce nothing for the payment of his debts. that there is no reasonable expectation of the payment of any dividend to the suing creditor according to the rank under which he is to be placed on the tableau of distribution, and that, in fact, he has no hope of receiving any thing on account of his claim, he should be bound to do a vain thing, and wait until the final liquidation of an estate from which no benefit is

to be derived, before being allowed to call upon the surety for a compliance with his obligation ; for then it would be sufficiently ascertained that the amount of the judgment *cannot be satisfied out of the sale of the principal's estate, real and personal,* according to the terms of the appeal bond.

Here, the evidence shows that the estate of the principal debtors is utterly insolvent and worthless; that a large portion of the property surrendered has been exhausted by seizures made previous to their application in bankruptcy ; that nothing could be done with the individual assets of Dubois ; that the lease of the theatre has produced no funds for the bankruptcy ; that there is no prospect of the judgment creditors having no special privilege, being paid ; and that in fact, after paying the costs and expenses, nothing will remain to pay the judgment creditors. We are perfectly satisfied that there would be no use in giving the appellant the benefit of his plea of discussion.

*Judgment affirmed.*