FRANÇOIS SAULET *v.* MARGUERITE TREPAGNIER and others.

No recourse can be had on the sureties in an appeal bond, until it be clearly shown by the creditor, that the proceeds of the sale of all the estate and effects of the principal, have proved insufficient to discharge his demand. So, where a husband appeals from a judgment against him for a community debt, and dies, leaving children and a widow who accepts the community, the sureties on the appeal bond will be liable only in case the judgment is not satisfied by the widow and heirs so far as they are respectively bound for it, and cannot be satisfied by the sale of all their property, real and personal, liable for its payment.

APPEAL from the District Court of the First District, *Buchanan, J.*

*Buisson* and *Roselius*, for the plaintiff.

*Josephs*, for the appellants.

MORPHY, J. This action is brought against the widow and heirs of François Trepagnier, who had become surety on an appeal bond for Pierre Trepagnier, against whom the plaintiff recovered a judgment for $15,000, with interest from the 3d of May, 1836, which judgment was affirmed by this court in June, 1842. 2 Robinson, p. 358. It is alleged that, since the signing of the bond both the principal and the surety have died, the latter leaving a large estate to the defendants, his widow and children. That, on the 6th of October, 1842, an *alias fi. fa.* was issued against the heirs of the late Pierre Trepagnier, by virtue of which a levy was made, and the net amount of $11,475 12 was paid over to the plaintiff, leaving a balance still due to him of $8,527 88, with legal interest from the 7th of January, 1843, and that said writ has been returned, " no property found after demand made of both parties." Judgment is prayed for against Marguerite Foucher, widow of the late François Trepagnier, for one half of the balance due, as having held the property of the deceased in community with him and not having renounced, and against her co-defendants for one-tenth each, as heirs of the deceased.

The defendants admit the signature of François Trepagnier to the appeal bond, but allege that, in consequence of the gross neglect and indulgence of the plaintiff, the whole of the property, real and personal, of Pierre Trepagnier, the principal debtor,

has never been seized to satisfy his debt, and still remains subject and liable to be discussed. That the note on which judgment was obtained formed the last instalment due on the price of a plantation and slaves which the plaintiff had sold to Pierre Trepagnier; that it bore a mortgage upon the said plantation and slaves, against which the plaintiff must first pursue his recourse; that the original defendant, Pierre Trepagnier, died in October, 1838, leaving about $88,363 in property, and owing about $54,000, including plaintiff's claim, and that plaintiff did not legally cite all the heirs and parties in interest, and carry on the suit against them according to law. That he was guilty of neglect in not recording the judgment appealed from, and also in not issuing his writ of execution thereon against all the heirs of Pierre Trepagnier, who were all bound, each for his virile portion, and against his widow, Marie Celeste Delhomme, who was bound for one-half of said judgment, the same having been obtained on a community debt. That thirteen slaves belonging to the succession of Pierre Trepagnier were seized by the sheriff of St. Charles under plaintiff's execution, and released by order of plaintiff or his attorney; that said slaves were liable to be seized, and can, with the other property of Pierre Trepagnier's succession, upon all of which plaintiff's original mortgage still exists, amply satisfy his judgment; that the condition of the appeal bond is, that the judgment shall first be satisfied by the sale of all said P. Trepagnier's estate; and, consequently, that these respondents, the widow and heirs of the surety, are not bound until the whole of said property has been discussed, and taken out of the hands of the heirs and representatives of the principal debtor, or the possessors thereof. There was a judgment below against the defendants, from which they have appealed.

It is in evidence, that Pierre Trepagnier died in October, 1838, pending the appeal; that he left a widow in community, and eight children; that an inventory of his estate was made, which shows that his property amounted to $87,981 50, and his debts to $54,000, including $18,000 that were then due to François Saulet; that Marie Céleste Delhomme, his widow, accepted the community, and kept, at the price of the appraisement,

community property consisting of slaves and movables to the amount of $8,734 50 ; and that the balance of the succession was sold at auction. That the debt upon which the judgment appealed from was rendered was a community debt, resulting from the purchase of a plantation and slaves, sold by the plaintiff to Pierre Trepagnier, in 1829. It further appears that although Marie Céleste Delhomme had accepted the community, she was not made a party to the appeal pending in this court when her husband died ; that the plaintiff issued an execution only against the children of the deceased; and that no steps whatever have since been taken against his widow, or the property in her hands.

Under these facts, we think with the appellants' counsel, that the present action is premature, and that the contingency has not yet arrived on which the widow and heirs of the surety in the appeal bond can be made liable. According to article 579 of the Code of Practice, the condition of their ancestor's obligation was, that the appellant should satisfy the judgment to be rendered against him, or that the same should be satisfied by the sale of his estate, real or personal. In *Chalaron* v. *McFarlane,* this court held, under that article, that sureties on an appeal bond have a right of resisting a recourse on them, until it is clearly shown by the creditor, that the sale of all the estate and effects of the principal has proved insufficient to discharge his demand. 9 La. 227.

On the death of Pierre Trepagnier, his obligation to satisfy the judgment in favor of the plaintiff devolved not only upon his heirs, but also upon his widow, who, by her acceptance of the community, became bound to pay one-half of its debts. With regard to the surety on the appeal bond, the said widow and heirs became the principal debtors in lieu of Pierre Trepagnier ; and it is only in case they do not satisfy the judgment so far as they are respectively bound for it, or in case the same cannot be satisfied by the sale of all their property, real or personal, that the defendants, as the widow and heirs of the surety, can be made liable in their place. We are by no means prepared to say that in general a creditor may not, if he choose, look to the heirs of his debtor for the whole amount of his claim. In such a case the heirs could not pretend that, because the wife had ac-

cepted the community, and thereby made herself liable for one half of its debts, they are responsible only for the other half. They would be bound, we believe, to pay the whole debt, and might then have recourse upon the widow, to make her contribute for one half of it. The obligation which the widow incurs by her acceptance of the community is an additional security for the creditors; but they have a right to look to the heirs and direct representatives of the husband for the whole debt, because it is with him they treated, and it is him whom they trusted. *Ejus solius fidem secuti sunt*, says Toullier, vol. 13, No. 233. 2 Pothier, Traité de la Communauté, No. 719. But although the creditors have this option, the widow, who has accepted the conjugal partnership or community, becomes absolutely and personally bound to them for one-half of its debts. If the heirs of the husband do not, or cannot, satisfy their claims in full, they can come upon her for the proportion which she owes as the partner of her husband. Civil Code, arts. 2378, 2379. *Lauderdale* v. *Gardner*, 8 Mart. 716. *Flood et al.* v. *Shamburgh*, 3 Mart. N. S. 629. 13 Toullier, No. 236. 2 Pothier, de la Communauté, No. 728. If then the widow of Pierre Trepagnier stands indebted to the plaintiff, it is as a principal debtor for a portion of the debt for which the defendant's ancestor was surety. On principles of equity it is held, that the surety of one of several principal debtors, bound *in solido*, has a right to require the discussion not only of the property of the debtor he has become surety for, but also of that of the other co-debtors, before he can be called upon to pay the debt. 1 Pothier on Obligations, No. 413, *in fine*. If such be the right of an ordinary surety, who is not entitled to the benefit of discussion unless he claim it, the defendants should surely enjoy the same privilege, when, under the bond, they cannot be made liable if the principal debtors pay the debt, or if it can be satisfied by the sale of their property, real or personal. But independently of the personal liability of the widow of Pierre Trepagnier under her acceptance of the community, it is shown in this case that she is in possession of a number of slaves which belonged to the succession of her husband. It would seem that the plaintiff is at least bound to discuss these slaves, which are a part of the very property which,

under the terms of the appeal bond, must be exhausted before any recourse can be had against the defendants. Were it otherwise the latter would lose not only the benefit of requiring the discussion of the property of one of the principal co-debtors, but also that of exhausting the property which belonged to Pierre Trepagnier, and which their ancestor no doubt had in view when he consented to become his surety for such a large amount. It may be said that no execution could issue against Pierre Trepagnier's widow, because she was not made a party to the appeal, and no judgment was rendered against her. The plaintiff, who knew that in consequence of her acceptance of the community, a portion of the property might go into her hands, which he was bound to discuss before he could look to the surety on the appeal bond, could, and perhaps should have made her a party to the appeal. His failure to do so cannot change the condition of the bond. Its only effect must be to impose upon him the necessity of resorting to such proceedings as will enable him to comply with such condition as regards the personal liability of the principal debtor's widow, and the property of his succession which is shown to be in her hands.

It is, therefore, ordered that the judgment of the District Court be reversed, and that ours be for the defendants as in case of non-suit, with costs in both courts.