## SAULET *v.* TREPAGNIER et al.

Where a defendant dies pending a suspensive appeal taken by him from a judgment in favor of plaintiff for a community debt, and his widow is appointed administratrix of his succession and accepts the community, but is not made a party to the appeal except as tutrix of her minor children, and the judgment below is affirmed in general terms without any reference to the parties, the judgment will be binding only on the minors, and have no effect against

---

* EUSTIS, C. J., did not sit in this case, being interested.

the community represented by the administratrix, nor against her personally; and the surety having signed the appeal bond when there was a judgment against the original defendant, binding on the community, the failure of the creditor, on the death of the principal debtor, to make the proper parties, so as to maintain the judgment in its integrity, and to enable him to subrogate the surety to all his rights under it, will destroy his recourse against the surety *pro tanto*. Nor will it make any difference in such a case that an execution on the judgment so affirmed, was afterwards issued against the widow, with her consent, for the balance remaining due after exhausting the property of the heirs, and that all that could then be made out of her property was received under it, where there is no evidence affording any ground for believing that any part of the debt would have been lost, had the original judgment been maintained on the appeal against the community. *Per Curiam:* The execution issued against the widow without any judgment against her, must be considered as illegally issued; and the surety is only bound by legal proceedings against the debtor.

A surety is entitled to the benefit of all the securities in the hands of the creditor; and if any of them be lost by his wilful neglect or want of due diligence, the surety is, to that extent, discharged.

Art. 3030 of the Civil Code which declares that "the surety is discharged, when, by the *act* of the creditor, subrogation to his rights, mortgages and privileges, can no longer be operated in favor of the surety," must be understood as comprehending under the word *act* the omissions or neglects of the creditor.

APPEAL from the District Court of the First District, *Buchanan*, J. *Buisson* and *Roselius*, for the plaintiff, cited C. C. art. 3035, *et seq.* *Alley* v. *Hawthorn*, 1 Ann. R. 122. *Josephs*, for the appellants. The judgment of the court was pronounced by

EUSTIS, C. J.* This case was before the Supreme Court, in June, 1845, and is reported in 11 Robinson, 267. The suit is against the widow and heirs of the late *François Trepagnier*, who had been surety on an appeal bond for the late *Pierre Trepagnier*, against whom the plaintiff recovered judgment for $15,000, with interest, which judgment was affirmed in the Supreme Court, in June, 1843. 2 Rob. p. 358. Pending the appeal *Pierre Trepagnier* died, leaving a widow in community and several children, some of whom were minors. The widow was appointed administratrix of his succession and accepted the community, but was never made a party to the appeal, except as the tutrix of her minor children, who were made parties by an order of the Supreme Court. There was an appearance by counsel, and the judgment appealed from was affirmed in general terms, without any reference to the parties.

The proceedings antecedent to this appeal are stated in the report of the case in 11 Rob. 267. It was then determined that the present plaintiff had no recourse against the defendants, until such proceedings were taken against the widow in community and the property of the succession of her husband in her hands, as the condition of the appeal bond required. The plaintiff in this case had judgment for $2,881 40, with legal interest, being for the balance due on the original judgment against *Pierre Trepagnier*, and the defendants have appealed.

It appears that, on an execution issued on the original judgment, in 1842, against the heirs of *Pierre Trepagnier*, the sum of $8,517 88 was made; that, in 1845, by an order of the District Court in which the judgment was rendered an execution was issued against the widow in community, on which the sum of $5,646 48 was made. This is all that can be made against the parties by execution.

---

* ROST, J. did not sit in this case, having been of counsel.

The principal ground of defence is, that the sureties to the appeal bond are released by the omission of the plaintiff to make the widow of the original debtor, *Pierre Trapignier*, a party to the suit then pending on the appeal. She had accepted the community, and became liable for one half of the debts. The heirs were made parties, and became bound by the judgment; but it does not appear that any proceedings were taken to make her a party to the appeal, except in her representative capacity of tutrix to her children.

It is apparent, by the opinion delivered by the court on the appeal, that she was not a party, and that she ought to have been, in order to render the judgment operative against her as such. It follows, of course, that, so far as the sureties are concerned, the execution issued against her without any judgment being rendered against her, must be considered as illegally issued. How far her consent to the issuing of this writ may be implied, it is not necessary to consider, for the surety is only bound by legal proceedings against the debtor, and not by the equities between him and the creditor.

It remains to consider the law applicable to this state of facts. The condition of the appeal bond is, "that the above bound *Pierre Trepagnier* shall prosecute his said appeal, and shall satisfy whatever judgment may be rendered against him, or that the same shall be satisfied by the proceeds of his estate, real and personal, if he be cast in the appeal; otherwise that the said *François Trepagnier*, his surety, shall be liable in his place."

*Pierre Trepagnier* left an estate worth, by the inventory under which his widow accepted the community, $87,971 50. His debts amounted to $54,000. He died in 1838. The debt on which the judgment was rendered was a community debt, originating in a sale of a plantation and slaves from the plaintiff to the deceased, as far back as 1829. Thus it appears that by the neglect to make proper parties on the appeal, there is no judgment against the community represented by the administratrix, nor against her personally. The judgment appealed from was affirmed without any reference to either.

It would seem to be a necessary consequence of the principles of the law of suretyship, that the surety is entitled to the benefit of all the securities in the hands of the creditor; and, if any of them be lost by his willful neglect or want of due diligence, the surety is to that extent discharged. Pitman on Principal and Surety, 204. Theobald on Princ. and Surety, § 176, and cases cited. Law Library, vol. 30, p. 138. By article 3030 of the Code the surety is discharged, when, by the act of the creditor, the subrogation to his rights, mortgages and privileges, can no longer be operated in favor of the surety. Article 2037 of the Napoléon Code is to the same effect: and the Court of Cassation has more than once decided that, the term *act* of the creditor applied to omissions, or neglects of the creditor, and consisted *in omittendo* as well as *in committendo*. Case of *Galy*, Sirey's Reports, 30, 2, 89. Case of *Adema*, Ib. 26, 2, 57. Also, case of *Dumesnil Dubuisson*, Ib. 28, 2, 121. Our own jurisprudence we consider well settled on this subject. *McDonogh* v. *Relf et al.* 19 La. 143. When the surety on the appeal bond in this case signed it, there was a judgment against *Pierre Trepagnier*, and the community existing between him and his wife was bound by it. The judgment rendered on the appeal, though it affirmed the judgment of the court, only bound those who were parties, to wit, the heirs of *Pierre Trepagnier*. There is to this day no judgment against the community. The creditor was bound to make the proper parties on the demise of the principal debtor, so as to maintain the judgment in its integrity. If, by his neglect,

SAULET
v.
TREPAGNIER.

it has been impaired, so that a subrogation to the *rights* under the original judgment is impossible, his recourse against the surety, *pro tanto*, is lost. There is no evidence before us which affords any ground for believing that any part of the debt would have been lost, had the original judgment been maintained on the appeal against the community, as well as against the heirs of *Pierre Trepagnier*.

We have assumed throughout that the wife was not a party to the suit, by the appearance of the husband. He, as the head and administrator of the community, was the defendant in the suit, and through him alone was the community in court. On his demise the community ceased to be represented, and no proceedings could be taken against it binding on the surety, without its being regularly represented by the proper party. We have been furnished with no adjudicated cases on this point of practice; but, on general principles, though the community is bound by the judgment rendered against the husband in his life time, yet we see no reason which should exempt a case of this kind from the operation of the universal rule, which confines the effect of judgments, as such, to those who are parties to the record. The disabilities under which women are placed by our laws, and the necessity imposed on them of entrusting their business to others in most cases, give them strong claims to the benefit of any general rule, which is established for the protection of parties against mistake, surprize or injustice.

The judgment appealed from is therefore reversed; and judgment is rendered for the defendant, with costs in both courts.*

---

* *Roselius*, for a re-hearing. 1. When an appellant dies during the pendency of the appeal, it is the duty of his heirs or legal representatives to make themselves parties, or, in other words, to *prosecute* the appeal, or the bond will be forfeited. Art. 579 of the Code of Practice, provides, " that in the appeal bond, it must be set forth in substance, that it is given as surety that the appellant shall *prosecute his appeal*, and that he shall satisfy whatever judgment may be rendered against him," &c. One of the main conditions of the bond, which both the principal and his surety subscribed, was that the former shall *prosecute* the appeal. This obligation is as binding upon the heirs and widow in community of the appellant, in case of his death, as on himself. The rule in the Supreme Court of the United States is, that the appeal will be dismissed unless the legal representatives of the appellant present themselves within a given period to prosecute the appeal.
2. It is admitted that a judgment rendered against the husband, during the existence of the community, is binding on his surviving widow on his death, if she accepts the community. If this be true, the judgment rendered in this case by the District Court, is binding on the widow of *Pierre Trepagnier*. The appeal taken by the husband did not annul the judgment, nor did it extinguish the debt.     *Rehearing refused.*