Folger vs. Palmer.

## No. 8695.

### LAFAYETTE FOLGER VS. E. C. PALMER.

### ON RULE VS. FRED WING, SURETY ON APPEAL BOND.

On a rule against a surety on a bond for a suspensive appeal from a money judgment, which was affirmed, the exigencies of the law are satisfied where the writ issued is seasonably returned *nulla bona*, after demand from the parties and their failure to point out property.

Where the defendant in rule avers that the defendant in writ owns real property in excess of plaintiff's judgment, subject to execution and not incumbered to his prejudice, which was pointed out, the burden is on him to prove the existence of such property, the title of defendant to it; its non-alienation and that if seized, it will realize or net an amount sufficient to pay the judgment in whole, or reasonably in part.

A judgment creditor is not bound to seize burdened property pointed out, when the attempt to sell would only result in costs, before proceeding against the surety on the appeal bond.

The decision on appeal of the rule against the security cannot be retarded on the statement made in the brief, that since the judgment below against the security the plaintiff has levied on property of the defendant, the sale of which was enjoined and the matter being on appeal. The appellate court is not bound to wait until the determination of such suit, still less until after it is ascertained whether the writ has or not realized or netted anything.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe*, J.

*Breaux & Hall* for Plaintiff and Appellee.

*Gibson, Hall & Montgomery* for Defendant on Rule and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an appeal from a judgment against a surety on a bond furnished for a suspensive appeal.

The judgment against the defendant having been affirmed on appeal, execution issued against him. The writ was returned *nulla bona* by the sheriff, after due demand of defendant and plaintiff's attorney, who stated that they knew of no property to point out for seizure to satisfy the writ.

A rule containing proper averments was then taken by the unpaid judgment creditor on the surety, calling on him to show cause why judgment should not be rendered against him for $3,586.69, with interest from January 6, 1877, and costs.

The answer to the rule denied due and legal demand from the principal, the sufficiency and correctness of the return, and averred that the defendant has considerable personal and real property in the State, largely in excess of plaintiff's judgment, subject to execution and not encumbered to the predjudice of plaintiff, which was pointed out. The defendant in rule further says, that he will advance all necessary costs to procure the enforcement of plaintiff's judgment in seizing and sell-

·ing such property, and to enforce which he stands ready and tenders all required indemnity.

The rule was made absolute, it is claimed, erroneously.

. The return of the sheriff contains the averments of fact required in such cases, namely : no property found and demand from the parties. 13 An. 264 ; 8 An. 141 ; 28 An. 719 ; 30 An. 384.

The defendant in rule has not shown that the defendant in writ owned property which could have satisfied plaintiff's judgment.

A certificate of mortgage, taken in the name of the defendant against certain sixteen lots in the First District of the City, covers more than four pages of the transcript, and recites inscriptions for upwards of $85,000, exclusive of interest and costs.

The value of the property described in the certificate was not shown. Neither was the title of defendant to it produced. The burden to establish title and value was on the surety, defendant in rule, who, by his averments, had undertaken to do so. There is no evidence that any amount of money was tendered by the surety as costs, for the discussion of any property of the defendant.

During the trial of the rule, counsel for the surety pointed out the property described in the mortgage certificate, and there was made an admission, that if an absent witness was present, he would prove that the mortgage on that property had been paid. In the course of the trial, the defendant in rule asked for time to produce the title and a certificate of non-alienation, which was refused. He then took a bill of exception to the ruling.

In the absence of the title of the defendant to the property pointed out, of a certificate of non-alienation, and of proof that if seized and offered for sale, it would realize enough to pay plaintiff reasonably, at least in part, there was no obligation on his part to instruct the sheriff to levy the writ on the property. The court ruled right in declining the delay asked.

It is settled, and correctly, that a judgment creditor is not bound to seize burdened property pointed out, when the attempt to sell would only result in costs, before proceeding against the sureties on the appeal bond.

The defendant in rule states in his brief that, since the judgment on the rule against him, the plaintiff has levied his writ on property of the defendant, who has enjoined it, and that the present issues should not be determined before those involved in the case alluded to, which is before this Court, are settled.

Conceding that we could take notice of the suit to which reference is made and to which appellant does not claim to be a party, it is evi-

dent that the decision of the instant controversy cannot be delayed to await the determination of the other one and be further stayed until it is ascertained whether the property has or not realized enough to pay plaintiff.

It is clear that if the surety pays the creditor, he will be subrogated to the latter's rights against the principal and his property. In that eventuality he will have full opportunity to do for his own relief that which he says the plaintiff should and can securely do to obtain a full satisfaction of his judgment.

The appellee has prayed for damages on the ground that the appeal is frivolous; but we do not think that he is entitled to recover any.

Judgment affirmed with costs.

Rehearing refused.

Mr. Justice Fenner recused, having been of counsel.