Richmond, P. J.
This was an action upon an appeal-bond. On the 21st of March, 1884, defendants in error obtained, before a justice of the peace for Lake county, a judgment against Sylvanus Ayres, Jr., for the sum of $226, from which judgment Ayres appealed to the county court, filing an appeal-bond. Subsequently the county court directed appellant to file another and sufficient appeal-bond, which was done. Said appeal-bond, so filed, was signed by Isaac Cooper and William A. Ellis as sureties.
The original cause was tried in the county court, resulting in a judgment for defendants in error. After this, suit was instituted upon the bond, and service of summons made upon Isaac Cooper. To the complaint Cooper answered, alleging that the bond was not his, because, at the time of the execution and delivery of it to the principal, (Ayres,) Ayres promised and agreed that he would not deliver the bond until the signature of another person had been procured. To this answer a demurrer was interposed and sustained.
Thereafter Isaac Cooper died, and the plaintiff in error, Sarah E. Cooper, as administratrix of the estate, appeared to defend the action, and elected to stand by the answer.
Two errors are assigned: First, the error of the court in sustaining the demurrer and entering judgment; second, to the form of the judgment.
*18 The first question for consideration is whether, when a surety who signs and seals a bond, and then delivers it to the principal obligor, upon the condition that it shall not be delivered until it has been signed by another co-surety, and the principal delivers it in disregard of the condition, not making known the condition, there being no circumstances which should put the person receiving it on inquiry, does the instrument become operative as a legal deed. This question, we think must be answered in the affirmative. Conceding that everything alleged in the answer is true,—that the understanding existed between Ayres and Cooper that another co-surety should be procured before the delivery of the bond, yet neither the obligee of- the bond nor the clerk of the court to whom it was delivered had knowledge of such understanding or agreement. Besides, the bond was in all respects regularly executed, according to the prescribed form, and accepted by the officer whose duty it was to take it as a completed contract. There was nothing on the face of the paper, or in the instrument itself, to put the officer on inquiry, or to raise a suspicion in his mind that a condition was annexed to the delivery of the instrument. The transaction was one of ordinary occurrence in perfecting appeals from one court to another. No blank was left for the name of the additional co-surety, nor was the name embraced in the body of the bond; arid, in addition to this, the record discloses the fact to be that the two sureties, Ellis and Cooper, appeared before the clerk of the court, and qualified as such sureties. At that time they knew the bond was in the hands of the clerk to be filed ; they knew that the principal obligor, Ayres, had delivered it; and that upon their qualification it would be filed; and not until after the trial of the cause appealed from the justice’s court, and the institution of suit on the bond does it appear that this agreement or understanding was made known.
We admit that there is a conflict of authorities upon this proposition, yet, after a thorough review of those cited by the plaintiff in error, and such others as are referred to in *19 the text-hooks, we unhesitatingly declare that the better reasoning supports the position here taken.
In Dair v. U. S., 16 Wall. 1, Justice Davis, in commenting upon the identical proposition here under consideration, says : “ It is easy to see, if the obligors are at liberty, when litigation arises and loss is likely to fall upon them, to set up a condition unknown to the person whose duty it was to take the bond, and which is unjust in its result, that the difficulties of procuring satisfactory indemnity from those who are required by law to give it will be greatly increased.”
In State v. Peek, 53 Me. 284, Barrows, J., has collected and distinguished the cases on this subject in a most satisfactory manner, and we might consistently rest our conclusion upon that case. In the conclusion of the opinion he says: “ If there are cases that militate against the views here expressed, we are satisfied that they savor more of the growing looseness of commercial morality than of adherence to wholesome legal principles.”
If the doctrine of estoppel would not apply here, might not the inquiry well be asked, to what state of facts could it apply ? Here the surety who defends this action had invested the principal with an apparent authority to deliver the bond, and there was nothing on the face of the bond, or iu any of the attending circumstances, to apprise the official who accepted it that there was any secret agreement which should preclude the acceptance of the bond. This surety alone is certainly in fault, as but for this unwarranted trust in Ayres he would never have had it in his power to oeca.sion the loss which the obligee of this bond must suffer if the defense made is successful.
There is no reason why this opinion should be extended by further reviewing the authorities. The work has been done, and thoroughly done, in several well considered cases in Maine, Indiana, Kentucky, Missouri, Illinois, North Carolina, Virginia, Louisiana, and Michigan. Hunt v. State, 53 Ind. 321; Millett v. Parker, 2 Metc. (Ky.) 608; Nash v. Fugate, 24 Grat. 202; State v. Potter, 63 Mo. 212; State v. *20 Peck, supra; Chalaron v. McFarlane, 9 La. 227; Smith v. Peoria Co., 59 Ill. 412.
These authorities satisfy us that the conclusion of the court in sustaining the demurrer to the answer must be affirmed.
. The next question for our consideration is as to the form of the judgment. The judgment rendered is against the estate of Isaac Cooper for the sum of $600, the penalty of the bond. “ The court finds that the estate of Isaac Cooper is indebted to the plaintiff in the sum of $600, the penalty of the appeal-bond sued on herein, and that the damage sustained by the plaintiff herein amounts to the sum of $346.78. It is therefore by the court ordered and adjudged that the plaintiffs, Frank De Mainville and W. H. Brisbane, do have and recover, of and from the said defendant, the estate of Isaac Cooper, deceased, the sum of $600, the penalty of the bond aforesaid, together with their costs in this behalf expended, thereafter to be taxed, and that execution issue therefor.” This was clearly error. The judgment should have been for the sum named as damages, payable out of the estate of the deceased in due course of administration. Gen. St., p.1055, § 3618, provides that, “upon a recovery of judgment * * * against any executor or administrator, or a demand due from his testator or intestate, no execution shall be issued thereon, but the party recovering said judgment shall cause a transcript of the judgment entry to be filed in the county court, and the same shall be classed and paid as other demands are.”
This question is directly passed upon in Mattison v. Childs, 5. Colo. 78. For this error the judgment must be reversed, and the cause remanded, with instructions to enter judgment for amount of damage, in conformity with this opinion.

Reversed.