149 So. 519

### WINSEY et al. v. BOURGEOIS.

### No. 31601.

May 29, 1933.

Rehearing Denied July 7, 1933.

E. S. Muse, of St. Francisville, for appellant.

Jas. H. Kilbourne, of St. Francisville, for appellees.

O'NIELL, Chief Justice.

This is a possessory action, coupled with an action for damages for trespass. One of the plaintiffs had been in possession of the property, about 100 acres of land, residing on it with his wife and children, and cultivating it, as owner, for seventeen or eighteen years, when the defendant, claiming to have acquired an outstanding title, went upon the land without asking the plaintiff's leave, and began cutting and felling the timber on it. The judge ordered the timber sequestered pending a decision of the suit; but the defendant released the sequestration on a forthcoming bond and hauled the timber away. The court gave judgment in favor of the plaintiffs, declaring them entitled to possession of the land, and condemning the defendant to pay $1,250 damages for the value of the timber cut and removed from the land. The defendant has appealed from the decision; and the plaintiffs, answering the appeal, pray for an increase of the judgment for damages to $3,950.

The title to the property, of course, was not inquired into, on the trial, further than was necessary to show the character of Robert Winsey's possession; that is to say, to show whether he had possessed the property as owner, and not as a tenant or by sufferance, and whether his possession had continued for more than a year before he was dis-

turbed by the defendant. Winsey's title seems to have been a precarious one. Another party had bought the land for him for delinquent taxes, 40 acres in 1910 and 60 acres in 1911, at which time the major part of the property was often overflowed, and, being in a swamp and many miles from civilization, was almost worthless. But Winsey built a residence on the land and was satisfied to live there. The only written evidence of title that he had was a letter from the man who had bought the land for him, acknowledging that the land belonged to him (Winsey), and suggesting a means by which Winsey might pay the small balance that he owed. We agree with the district judge that Winsey had sufficient evidence of a title for the land to justify his belief that he owned it, and to make him a possessor as owner. In that respect perhaps some allowance should be made for the fact that Winsey is a very humble and somewhat ignorant colored man. All that is necessary to maintain a possessory action is that the plaintiff shall have had actual possession of the property as owner continuously for more than a year before being disturbed by the defendant, and shall bring his suit within a year after being disturbed. Code of Practice, arts. 47, 49, and 50.

The judgment appealed from does not decide the question of title to the property, but merely recognizes the right of the plaintiffs to remain in possession as owners until the defendant shall have established his right to go into possession as owner, by way of a petitory action.

It is conceded by the appellant that the case is one depending upon the credibility of the witnesses. He relies upon the fact that, a few months before the suit was filed, the man from whom he afterwards acquired his title went upon the property and obtained the signature of Robert Winsey on a promissory note for $25, said to be for rent of the property. Winsey contended—and proved to the satisfaction of the district judge—that his signature to the note was obtained vi et armis; that is to say, that three men came to his house, where he was sick, and one of the men, displaying a rifle and a pistol, demanded that Winsey sign the rent note, and threatened to do him violence if he refused to sign. The district judge found that Winsey's signature to the rent note was obtained by duress. Winsey and two other witnesses so testified. The man charged with putting Winsey in fear denied the charge, as did one of the witnesses who was with him on the occasion. The other witness had died. But the one who testified that no threats or violence was used admitted that the one who obtained Winsey's signature displayed both a rifle and a pistol and told Winsey that he was not obliged to sign the note, but would have to either sign or get off of the place.

In a case like this, depending entirely upon the veracity of the witnesses who testified in the case, we must defer largely to the finding of the judge, who saw and heard the witnesses, and perhaps was acquainted with them. Where a preponderance of the evidence is against the judge's finding of fact, it is our province and duty to decide according to the preponderance of the evidence. But there is no reason why we should take issue with the district judge in this instance.

The amount of the damages allowed for the trespass appears to be a fair estimate of the value of the timber taken from the land, and is all that the plaintiffs are entitled to.

The judgment is affirmed.