## WINSEY et al. v. BOURGEOIS.
### No. 1392.

Court of Appeal of Louisiana. First Circuit.
Dec. 4, 1934.

E. S. Muse, of St. Francisville, for appellant.

Borron, Owen & Borron, of Baton Rouge, for appellee.

ELLIOTT, Judge.

In this case when the appeal to the Supreme Court, 177 La. 919, etc., 149 So. 519, had been decided and the judgment become final, Robert Winsey and E. O. Munson caused writs of fieri facias to issue against Paul O. Bourgeois, their judgment debtor. The writs both bear date September 5, 1933. One was directed to the sheriff of the parish of Pointe Coupee, and the other to the sheriff of West Feliciana parish.

Both writs were returned nulla bona, upon which Winsey and Munson proceeded by rule against Charles Weydert, surety on the suspensive appeal bond of said Bourgeois, calling on him to show cause why judgment should not be rendered against him for $1,250, the amount of the judgment against Bourgeois, together with the cost of court. Weydert answering the rule admits the facts stated in the first five articles contained in the petition against him. In answer to averment No. 6, he admits that writs issued against Bourgeois as alleged, but denied the balance of the averment. Averment No. 7 is not answered, but averment 8 is answered twice. We are satisfied that the first answer to averment 8 is in fact his answer to averment 7; calling it No. 8 was no doubt a typographical error. The main defense is defendant's averment that plaintiffs have not complied with the requirements of the law in the execution of said writs; that the defendant Paul O. Bourgeois has more than sufficient property out of which they can realize the amount of their judgment; and that they have no right to proceed against him until they have exhausted their means to realize the amount of their judgment out of the property of the defendant Bourgeois.

After trial had upon documentary evidence, the court rendered judgment against Weydert making the rule absolute. Weydert has appealed.

■ The return on the writ of fieri facias issued to the sheriff of Pointe Coupee in so far as pertinent reads: "Made demand on Paul O. Bourgeois defendant herein to pay this writ or point out property to levy it on, and said defendant refused to point out any property, stating that he had no money and that the only property he owned was some real estate mortgaged for more than its value; and I knowing of no property belonging to defendant except real estate mortgaged for what appears to be more than its value, and after due demand of Robert Winsey et al., plaintiffs herein, to point out property of said defendant which might be seized, and upon plaintiffs' failure to do so this writ is returned to court by order of the plaintiffs' attorney." This return substantially complies with the law on the subject of returns.

■■ According to the note of testimony, defendant in rule offered in evidence a certificate from the clerk of court of the parish of Pointe Coupee said to show the amount and value of property in that parish assessed in the name of Paul O. Bourgeois for the year 1933. This certificate is not in the record, consequently it cannot be considered even if offered. All we have before us concerning the value of property which may be owned by Bourgeois situated in the parish of Pointe Coupee is a mortgage certificate made by the clerk of court and ex officio recorder of that parish showing mortgages granted by Paul O. Bourgeois upon land situated in that parish. One of these tracts contains 35 acres more or less, another 160 acres more or less, while another, designated as lot 20 on a plan made by John H. Glanton situated in the village of Morganza, measures 60 feet in width by 150 in length, bounded north by lot belonging to Gesner Le Blanc, south by Third street, east by lot belonging to Paul O. Bourgeois and Margaret Bourgeois, west by Second avenue. This certificate bears date May 28, 1934, and according thereto there existed at the date thereof four mortgages resting on the tracts and lot of ground mentioned, one of which is a judicial, the other a legal, mortgage. The four mortgages amount in the aggregate to upwards of $7,500. We have not counted subrogations on account of delinquent and unpaid taxes in amount $250. In the absence of any showing whatever concerning the value of the land, we feel that the declaration of the sheriff that the property is not worth the amount for which it is mortgaged, must be accepted as true. Consequently it would be useless to seize and advertise it for sale; such procedure would only bring about more cost and serve no useful purpose.

■ As for the value of his property in the parish of West Feliciana, the records show that for the year 1933 Paul O. Bourgeois was assessed for 532 acres of land situated in that parish valued in the assessment at $2,660 and $100 for improvements, a total of $2,760. A mortgage certificate issued by the clerk of court and ex officio recorder of the parish of West Feliciana bearing date May 29, 1934, shows four conventional mortgages amounting in the aggregate to upwards of $6,000 bearing on the 532 acres assessed to him. The writ issued to the sheriff of West Feliciana

parish bears the following return: "The time being about to elapse and I being unable to find any property of defendants out of which the amount of this fieri facias could be realized, I hereby return this writ without executing same." Weydert contends that neither of the returns satisfies the requirements of the law. Citing Code Prac. arts. 726, 727.

As heretofore stated, we think the return on the Pointe Coupee writ substantially satisfies the requirements of the law. The return on the West Feliciana writ is not as full and specific as should be, but says that the sheriff is unable to find any property out of which the writ can be satisfied. Giving this statement its proper effect, the sheriff returns that after effort to find property he has been unable to do so. The West Feliciana sheriff evidently considered that the West Feliciana property was mortgaged to the extent that it was not advisable to seize it. The law cited reads that the sheriff may call on the party against whom the writ has issued to point out the property, but does not make it compulsory for him to do so.

■ The burden of proof was on Weydert in answer to the rule to allege and show sufficient property to satisfy the writs in whole or in part, so as to relieve himself in whole or in part of the burden which he assumed when he signed the suspensive appeal bond. Alley v. Hawthorn, 1 La. Ann. 122; Folger v. Palmer, 35 La. Ann. 814. The contrary doctrine found in earlier cases, Chalaron v. McFarlane, 9 La. 227, Flower v. Dubois, 10 Rob. 191, and Saulet v. Trepagnier, 11 Rob. 266, must be looked on as overruled by the two latter cases cited. In this case defendant's averment, that Bourgeois has sufficient property out of which plaintiffs can obtain payment of the amount due them, is not supported by the evidence on the subject.

The Civil Code, article 3066, provides that: "A judicial surety can not demand the discussion of the property of the principal debtor." The further provision, in this article of the Civil Code and article 596 of the Code Practice, that "no suit shall be instituted against any surety on any appeal bond * * * until the necessary steps have been taken to enforce payment against the principal," is satisfied by the two writs of fieri facias and the returns nulla bona, not contradicted by satisfactory evidence.

The judgment appealed from is correct.

Judgment affirmed. Defendant in rule to pay the cost in both courts.