SAMUEL, Judge.
The Succession of Louise Wolfe Richard obtained a judgment against the ad-ministratrix of that succession in the sum *437 of $2,052.48, which judgment also dismissed the administratrix and appointed Lillian Wolfe Babbs, plaintiff in the present suit, provisional administratrix. The money-judgment was not satisfied by the original administratrix, who left the State of Louisiana, and a writ of fieri facias was issued against her. The writ was returned nulla bona by the Civil Sheriff to whom it had been directed, the return being made the day after his receipt of the writ. Plaintiff, in her capacity as provisional administra-trix of the succession, then instituted a suit against Albert Richard, surety on the administrator’s bond of the former adminis-tratrix, and obtained a judgment against Richard as surety in the amount of $2,052.-48. Three days after personal service of citation and petition had been made on him but before the judgment was obtained, Richard made a donation of certain immovable property to his wife, the present defendant. The provisional administratrix then instituted this suit against the wife alone. By it plaintiff seeks to avoid the donation as being in fraud of her rights as a creditor and to subject the donated property to a writ of fieri facias to satisfy the judgment in favor of the succession and against the donor. There was judgment as prayed and the defendant has- appealed.
The only testimony received on the trial of the case was that of Albert Richard, who was called on behalf of the plaintiff. From his testimony it is quite clear that the property donated to his wife was the only property of any kind owned by him at the time of the donation.
Defendant now contends that the judgment of the trial court should be reversed for either of the two following reasons: first, that plaintiff had not exhausted all of her remedies against the principal, that is the administratrix of the succession, before proceeding against the surety on the administrator’s bond; and second, that this revocatory action is not available to the plaintiff because such an action can be brought only by persons who are creditors at the time of the transfer sought to be avoided.
Under LSA-Civil Code Art. 1976 it is clear that the present defendant may make the same defenses in opposition to the suit upon which judgment has been obtained against her husband in the same manner that he might have done before such judgment, Art. 1976 provides:
“When the defendant in the action given by this section has not been made party to the suit against the original debtor, he may controvert the demand of the plaintiff, although it be liquidated by a judgment, in the same manner that the debtor might have done before the judgment.”
Defendant’s first contention is based on LSA-Civil Code, Art. 3066 which provides that no suit shall be instituted against the surety on the bond (among others) of any administrator until the necessary steps have been taken to enforce payment against the principal. She argues that in the suit against her husband as surety the sheriff attempting to make the seizure did not make the diligent search and inquiry required by the law.
We cannot agree with defendant’s argument. While it is true that the return nulla bona was made after the sheriff had had the writ for only one day, the facts, as fairly shown by the record and the exhibits, satisfy us that any further search and inquiry by the sheriff would have been useless. .It is clear that the absconding principal, the former administra-trix, had left the State of Louisiana. In addition, the burden of proof was.on the defendant to allege and show sufficient property of the principal to satisfy the writ in whole or in part so as to relieve herself, to the extent of such satisfaction, of the burden which her husband had assumed when he signed the administrator’s bond. Winsey v. Bourgeois, La.App., 157 So. 824; Folger v. Palmer, 35 La.Ann. 814. There has been a complete failure to. carry *438 this burden of proof. The defendant has neither alleged nor shown any property whatsoever belonging to the former ad-ministratrix.
The basis of defendant’s second contention is that the revocatory action is available only to a creditor to whose injury the transfer has been made and only to one who was a creditor at the time of the transfer. It is argued that plaintiff became a creditor of Albert Richard only upon the rendition of the judgment against him on January 15, 1959, and, the transfer complained of having been made on August 21, 1958, plaintiff was not a creditor at the time of the transfer. Defendant relies upon a statement to that effect contained in Rachal v. Balthazar, La.App., 32 So.2d 483, 486.
 The Rachal case involved an action in tort and a sale which was sought to be revoked. It became material for the court to decide whether the codal articles déaling with simulation or the revocatory action were applicable and the sale was revoked as a simulation. Contrary to the instant case the conveyance in Rachal had been made before judgment and before judicial demand. The statement referred to is obiter dicta and contrary to Holland v. Gross, La.App., 195 So. 828, which squarely holds that a judgment is not a “debt” in the strict sense of the word as used in the articles governing avoidance of contracts in fraud of creditors, but is merely the .recognition of the pre-existence of a debt or obligation and that under these articles the creditor-debtor relationship arises immediately upon the commission of the tort, Holland stands for the proposition that a fraudulent conveyance made subsequent to the commission of the tort and prior to judicial demand may be set aside by the revocatory action. Even in tort the law is now well settled that a fraudulent sale made subsequent to judicial demand but prior to judgment may be set aside by the revocatory action. Ventrilla v. Tortorice, 160 La. 516, 107 So. 390. The latter is the case here, for the donation was not made until three days after judicial demand. In addition, the instant case is one which arises out of contract and not tort. The codal articles refer to simply “creditor” and nowhere do they require that the plaintiff be a judgment creditor. This is made clear by the fact that LSA-Civil Code, Art. 1975 provides that the revocatory action may be instituted in the same action in which the debt against the transferor is reduced to judgment. Rendition of a judgment against the trans-feror is not a pre-requisite to the institution of the revocatory action.
LSA-Civil Code Art. 1980 provides:
' “If the contract be purely gratuitous, it shall be presumed to have been made in fraud of creditors, if, at the time of making it, the debtor had not over and above the amount of his debts, more than twice the amount of the property passed by such gratuitous contract.”
The donation in the instant case was purely gratuitous and at the time of making it the debtor did not have any property whatsoever except such as was transferred by the act of donation.
For the reasons assigned the judgment appealed from is affirmed, defendant to pay all costs.
Affirmed.